## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **EDWARD M. DOUGLAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 09-cv-481-MJR** |
| | ) | |
| **RICHARD PARSONS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Edward Douglas, currently incarcerated in the US Penitentiary in Terre Haute, Indiana, brings this legal malpractice action against his federal public defenders, Richard Parsons and Robert Alzarado.  Douglas invokes federal jurisdiction under 28 U.S.C. § 1332(a)(1), and he originally filed this action in the Central District of Illinois, where Defendants are located. However, because both Defendants are federal public defenders employed in the Central District, all judges in the Central District recused themselves and transferred the action to this District.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

The 1994 case of *Sullivan v. United States*,  21 F.3d 198 (7th Cir. 1994), is directly on point with this action.  In that case, plaintiff Edward Sullivan filed a legal malpractice lawsuit in this District against the two federal public defenders appointed to represent him in his parole revocation proceeding.  The Seventh Circuit held, first, that "a federal public defender appointed pursuant to 18 U.S.C. § 3006A(g)(2)(A) is an 'employee of the government' for purposes of 28 U.S.C. § 2671 and that the defender acts within the scope of that employment when representing his clients." *Sullivan v. United States*, 21 F.3d 198, 200 (7th Cir. 1994).  As such, a plaintiff's "exclusive remedy for the defender's alleged malpractice is thus an action against the United States under the FTCA." *Id.* at 206.  Therefore, all provisions of the FTCA[1] apply to this action, including the provision that requires exhaustion of administrative remedies.  *Id.*  The FTCA provides, in pertinent part, that

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial

---

[1]  The Federal Tort Claims Act, 28 U.S.C. §1346, 2671-2680.

of the claim for purposes of this section.

28 U.S.C. § 2675(a).

In this action, Douglas clearly states that Defendants Parsons and Alzarado are federal public defenders who were appointed to represent him under 18 U.S.C. § 3006A. Thus, they are employees of the United States who were acting within the scope of their employment. Even though his theory of recovery is legal malpractice, Douglas's sole remedy is against the United States under the FTCA. Nothing in the record of this action indicates that Douglas first presented his claim to the appropriate federal agency; thus, his claim must be dismissed for lack of subject matter jurisdiction. *Sullivan*, 21 F.3d at 206. *See also Palay v. United States*, 349 F.3d 418 (7th Cir. 2003).

In summary, his complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** without prejudice to Douglas bringing his claims in a future lawsuit, but only after he has exhausted the appropriate administrative remedies. Douglas is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 4th day of February, 2010.**

<div style="margin-left: 50%;">

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**

</div>